JAMES BART SNYDER V. THE STATE.

No. 23412.Delivered November 6, 1946.
Rehearing Denied December 18, 1946.

The opinion states the case.

*Dan Abbott,* of Alibene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Driving while intoxicated is the offense; the punishment, a fine of $200 and 30 days in jail.

The State Highway patrolman who arrested appellant while driving his automobile upon a public street in the City of Abilene testified that, at the time, appellant was intoxicated and under the influence of intoxicating liquor. Other witnesses corroborated this testimony.

Appellant denied that he was intoxicated and, in this, he was corroborated by other testimony.

The issue of facts thus presented was for the jury's determination, and their finding, being supported in the testimony, will not be disturbed.

Our State's attorney moves to strike the bills of exceptions appearing in this record because they were not filed within the time required by law.

The motion for new trial was overruled and notice of appeal given on February 16, 1946, at which time appellant was allowed 60 days from that date within which to file bills of exceptions. On April 18, 1946, the trial court attempted to extend the time within which the bills of exceptions might be filed. This was 61 days after the notice of appeal had been given, and the trial court had then lost jurisdiction to extend the time. The bills of exceptions were not filed until April 25, 1946, long after the expiration of the 60 days' time originally allowed.

The State's motion to strike is granted.

By motion for new trial appellant claimed jury misconduct in that "there was discussed in the jury room by said jurors that there was much drunk driving in and around Alibene, Taylor County, Texas, and that in order to stop same the jury should make an example of the defendant in this cause" and, further, that the jury, during deliberation and before reaching a verdict, discussed and considered testimony which upon the trial had been excluded from their consideration, upon appellant's objection.

Four of the jurors testified upon the hearing of the motion for new trial, which was all the testimony adduced upon the hearing. From their testimony, we are unable to reach the conclusion that the discussion occurred in the jury room, as appellant charges. The trial court was authorized to conclude therefrom that it did not occur.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that there is shown in the record certain misconduct of the jury in that new evidence was offered while the jury was deliberating relative to appellant having previously been arrested or charged with driving while intoxicated, and cites us to certain testimony of the jurors given on the hearing of the motion for a new trial. For instance, from the testimony of C. J. Hale, a juror, we are quoted in the motion as follows:

"Q. After the jury had retired to deliberate in this case, do you recall what comment, if any, was made about the fact that Snyder had been arrested for drunkenness before? A. Oh. something or another was mentioned about it—"

However, this answer of the juror continues in the same sentence, "But we never brought that up in the jury room."

Another juror, W. W. Hammond, testified:

"I believe that somebody mentioned it (a previous arrest) and then someone recalled that was stricken out and we wasn't supposed to consider it in this case. It wasn't considered on my part."

It is observed, however, that in more than one instance in the statement of facts it is shown that appellant had been previously under arrest, how he had been previously arrested by the same officers who arrested him in this case, and how he reacted under such circumstances.

The jurors did testify that they discussed the testimony and struck an average among themselves as to what they thought his punishment should be, and all voted for what they regarded he should have as a punishment. A motion was made for a $200.00 fine and 30 days in jail, and all voted for such, and they then returned their veredict therefor. See Branch's Ann. Tex. P. C., p. 293, sec. 570.

The motion for rehearing is overruled.